REYNOLDS, Judge.
This is an appeal from the Casey Circuit Court summary judgment which denied no-fault insurance benefits to the appellants.
Randy Lane was the owner and operator of an uninsured vehicle and he died as a result of injuries sustained in a motor vehicle accident which occurred on August 29, 1984, in Russell County, Kentucky. The appellants herein are the surviving spouse and infant children of the deceased and they asserted a claim with the Kentucky Assigned Claims Bureau pursuant to KRS 304.39-160. Such claim was referred to the appellee, Travelers Insurance Company. The insurance company denied the claims. None of the parties referred to herein had rejected the limitations upon their tort rights pursuant to KRS 304.39-060(4).
Material facts herein are not at issue and the threshold question is whether the “injury” upon which the claims are based is the type of injury which the no-fault act is • designed to compensate. At the outset we note that the Act is not designed to provide compensation for all economic losses suffered as a result of a motor vehicle accident injury. KRS 304.39-160 precludes
... A person who sustains injury while occupying a motor vehicle owned by such person and with respect to which security is required by the provisions on security and who fails to have such security in effect at the time of an accident in this Commonwealth causing such injury, shall not obtain through the assigned claims plan basic reparation benefits, including benefits otherwise due him as a survivor
Herein, the deceased injured person was not insured nor does it appear that any of his family members were insured under a no-fault insurance policy. It is reasonably clear under the Act that the deceased injured person, had he survived, was precluded from obtaining benefits from the Assigned Claims Plan. The appellants state that their entitlement to benefits is separate and distinct from the deceased injured person’s entitlement to benefits, had he survived. From our review of the statute, we determine that nowhere in the Act are survivors, under same or similar facts, given an express entitlement to claim benefits from any particular insurance source. The Kentucky Act is dissimilar from that of some of the other states where injured persons are given the right to recover benefits and the surviving dependents are granted what may be termed “derivative” entitlement to benefits.
Although the legislature did not adopt the UMVRA in its entirety, it did incorporate much of its language, but there are a few notable differences. The legislature rejected Uniform Act’s method of dealing with uninsured motorists and rejected a portion of UMVRA at Section 18. There was substituted therefor the current Section 160(4). The comments to Section 18 of the model code refer to payments to families of vehicle owners who had not met the security requirements.
We believe that while the Kentucky Act contains some limitation when compared with other no-fault acts, it is nevertheless consistent with an overall recovery orientation.
The trial court’s well-reasoned opinion which we adopt, coherently stated that in *315 order for the court to interpret the law as to provide benefits for the survivors of an owner of an uninsured vehicle would, in essence, be legislating a new act. The reasoning of the Michigan court in similar cases supports the exception which precludes appellants’ recovery under the Act. See Belcher v. Aetna Casualty and Surety Company, 293 N.W.2d 594 (Mich.1980).
The judgment is affirmed.
Further, pursuant to 2.(a) of the order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.
All concur.