VOVAK v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 43303. Submitted February 15, 1980, at Detroit.—Decided
June 4, 1980. Leave to appeal applied for.

Joseph and Stella Vovak, hereinafter plaintiffs, brought suit
against Detroit Automobile Inter-Insurance Exchange, hereinaf-
ter defendant, for survivor's loss benefits under the no-fault
insurance policy issued by defendant to plaintiffs' son who was
killed in an automobile accident. At the time of his death,
plaintiffs' son was 24 years old and living with plaintiffs and
contributing approximately $40 per week for household ex-
penses. The plaintiffs' only regular source of income was $233
per month received from social security benefits. The Wayne
Circuit Court, Theresa Doss, J., found that plaintiffs were
dependent on their son in the amount of $40 per week, and
awarded survivor's loss benefits under the insurance policy.
The defendant appeals alleging that age and lack of work
experience are improper considerations in determining whether
plaintiffs are "physically or mentally incapacitated from earn-
ing". *Held:*

1. Age and work experience are relevant factors in determin-
ing whether the claimants are physically or mentally incapaci-
tated from earning under the Michigan no-fault insurance
statute.

2. The Michigan no-fault insurance statute need not be
construed similarly to the Federal Social Security Act. Al-
though the underlying purposes of the survivor's benefits provi-
sions of the acts are similar, the specific means adopted toward
this purpose is different.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 361.
   Validity and construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.
[2] 7 Am Jur 2d (Rev), Automobile Insurance § 363.
   Validity and construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.

1. INSURANCE — NO-FAULT — ELIGIBILITY — STATUTES.

   Age and work experience are relevant factors in determining whether the claimants are physically or mentally incapacitated from earning under the Michigan no-fault insurance statute (MCL 500.3110[3]; MSA 24.13110[3]).

2. INSURANCE — NO-FAULT — FEDERAL SOCIAL SECURITY — STATUTES — CONSTRUCTION.

   The Michigan no-fault insurance statute need not be construed similarly to the Federal Social Security Act; although the underlying purposes of the survivor's benefits provisions of the acts are similar, the specific means adopted toward this purpose are different (MCL 500.3108; MSA 24.13108, 42 USC 401 *et seq.*).

*Joseph Crystal,* for plaintiff.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Michael B. Haber),* for defendant.

Before: BRONSON, P.J., and BEASLEY and D. C. RILEY, JJ.

PER CURIAM. Defendant appeals by right the judgment of the trial court in favor of plaintiffs and against defendant in the amount of $7,216.80.

Plaintiffs, Joseph Vovak and Stella Vovak, are the parents of the decedent, Mark Vovak. After their son's death in a 1974 automobile accident, plaintiffs sought survivor's loss benefits as dependents under the no-fault insurance policy issued to their son by the defendant. MCL 500.3108; MSA 24.13108.[1] At the time of his death, Mark Vovak

---

[1] The statute provides:

"(1) Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of

was 24 years old and living at home with his parents. He was employed by General Motors, and although he paid no room and board as such, he helped around the home and contributed about $40 to $50 per week for household expenses. Joseph Vovak was 62 years old at the time of his son's death and, although he earned some money on occasion as a part-time sales agent, his only regular source of income was the $233 per month he received from social security. Decedent's mother was in her late fifties, was unemployed at the time of her son's death, and had apparently been gainfully employed outside the home for only one or two years of her adult life. The income from social security was insufficient to cover household expenses. The trial court found that the Vovaks were dependent on their son in the amount of $40 per week and awarded survivor's loss benefits under the policy.

The issue on appeal is whether the trial court erred in determining that plaintiffs were eligible for benefits and, more specifically, whether the trial court erred in considering age and lack of work experience in holding that plaintiffs were "physically or mentally incapacitated from earning".

those that the deceased would have performed for their benefit if the deceased had not suffered the injury causing death. Except as provided in section (2) the benefits payable for a survivor's loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 for accidents occurring before October 1, 1978, and shall not exceed $1,475.00 for accidents occurring on or after October 1, 1978, and is not payable beyond the first three years after the date of the accident.

"(2) The maximum payable shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner. A change in the maximum shall apply only to benefits arising out of accidents occurring subsequent to the date of change in the maximum. The maximum shall apply to the aggregate benefits for all survivors payable under this section on account of the death of any one person."

The statute in question provides in part:

"(1) The following persons are conclusively presumed to be dependents of a deceased person:

"(a) A wife is dependent on a husband with whom she lives at the time of his death.

"(b) A husband is dependent on a wife with whom he lives at the time of her death.

"(c) A child while under the age of 18 years, or over that age but physically or mentally incapacitated from earning, is dependent on the parent with whom he lives or from whom he receives support regularly at the time of the death of the parent.

"(2) In all other cases, questions of dependency and the extent of dependency shall be determined in accordance with the facts as they exist at the time of death.

"(3) The dependency of a surviving spouse terminates upon death or remarriage. The dependency of any other person terminates upon the death of the person and continues only so long as the person is under the age of 18 years, physically or mentally incapacitated from earning, or engaged full time in a formal program of academic or vocational education or training." MCL 500.3110(1)-(3); MSA 24.13110(1)-(3).

Because plaintiffs do not fit within the categories of those conclusively presumed to be dependents set out in section (1), their status as dependents is determined under section (2), as limited by section (3).[2] Defendant seemingly does not take issue with the finding of dependency under section (2), but as to section (3) argues that the trial court erred in basing its finding of incapacity on the Vovaks' ages and lack of work experience. The trial court held:

"In deciding whether a person is physically or mentally incapacitated from earning a living, one must

---

[2] We reject as without merit plaintiffs' contention that section (3) applies only to those persons identified in section (1), and not those determined to be dependents under section (2).

necessarily include the person's age and his or her work experience.

"In this case the father was over sixty-two years of age and retired. The mother was in her late fifties and did not work outside of the home. Under these circumstances the Court finds that the plaintiffs were physically or mentally incapacitated from earning a livelihood within the meaning of the statute."

Because this issue is of first impression in this state, the parties refer to other statutory schemes in support of their positions. The defendant cites the survivors' benefits provisions of the Federal Social Security Act, 42 USC 401 *et seq.,* and argues that, since the existence of a physical or mental impairment under the Federal scheme requires a showing of an identifiable medical condition, the Michigan no-fault act should be similarly construed. We disagree. While the underlying purposes of the survivors' benefits provisions of the Federal Social Security Act and the Michigan no-fault act are similar, see *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 545; 273 NW2d 829 (1979), *app dis* 444 US 803; 100 S Ct 22; 62 L Ed 2d 16 (1979), the specific means adopted towards this purpose are different. For example, the Federal statute specifically requires that "a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques". 42 USC 423(d)(3). In addition this question only arises with regard to a surviving spouse; under the Federal scheme, a dependent parent's physical or mental impairment is not an issue. 42 USC 402(h). Similarly, both parties refer to cases arising under the Michigan Worker's Disability Compensation Act. These decisions are

inapplicable on the point in issue, however, either on their facts or on the lack of a requirement that the potential recipient be physically or mentally incapacitated from earning.

We agree with the trial court that under the terms of section 3110(3) of the Michigan no-fault statute, age and work experience are relevant in determining whether the claimants are physically or mentally incapacitated from earning. Such considerations undoubtedly can affect a person's ability to earn a living, and accordingly, have a bearing on the ultimate issue of dependency. The Legislature could have chosen to restrict those factors relevant to a determination of incapacity to identifiable medical conditions, as Congress has done in the Federal Social Security Act, but chose, wisely we think, not to do so. It is all too obvious that a person who is in generally acceptable physical condition may, nevertheless, be incapacitated from earning as a result of advanced age or employment inexperience due to long years spent working in the home. While this sort of incapacity, as with a more recognizable physical or mental incapacity, may be overcome, during its existence it produces the same result and should therefore entitle one to the same benefits.

Affirmed.