*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

LAWANDA DAWSON, Individually and as
Personal Representative of the ESTATE OF
LAWSHAWN DAWSON, Deceased,

      Plaintiff-Appellant,

v

STATE FARM MUTAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant,

and

FARMERS INSURANCE EXCHANGE,

      Defendant-Appellee.

UNPUBLISHED
August 13, 2019

No.  342652
Wayne Circuit Court
LC No.  17-003054-NI

Before:  K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant, State Farm Mutual Automobile Insurance Company (State Farm).[1]  We affirm.

---

[1] Plaintiff's no-fault claim was initially assigned to State Farm.  After plaintiff appealed, her no-fault claim was reassigned to defendant Farmers Insurance Exchange (Farmers), which prompted Farmers to file a motion in this Court to substitute for State Farm.  This Court granted the motion on May 9, 2018.  *Dawson v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered May 9, 2018 (Docket No. 342652).  We refer to State Farm and Farmers collectively as "defendant," unless necessary to refer to the parties in their individual capacities.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This action for survivor benefits pursuant to the no-fault act, MCL 500.3101 *et seq.*, arises from a car accident that caused the death of plaintiff's mother. The decedent, the mother of six children,[2] was apparently diagnosed with a psychiatric condition that allowed her to collect disability benefits. In 2008, the decedent began collecting Social Security Supplemental Income (SSI), and since 2014, she received $733 each month in SSI. In December 2015, the decedent entered a treatment facility for drug addiction, and she was released on January 10, 2016, after spending 30-days in the program. The decedent was killed on February 23, 2016, after she was struck by a motor vehicle. The decedent passed away without any assets other than the bank account where her SSI payments were deposited.

Plaintiff, the decedent's eldest daughter, did not graduate high school or receive any other professional work training. Her entire work history was in the food-service industry. In 2015, plaintiff and her two young children moved into a rental home with the decedent. The decedent cared for plaintiff's children while plaintiff worked full-time at a nearby White Castle.[3] The women pooled their benefits and income to equally split the rent, utilities, and groceries. The decedent helped to cook, clean, do laundry, and run errands.

After the decedent's passing, plaintiff struggled to find babysitters to care for her children while she was at work. Since May 2016, plaintiff's family members have assisted her with childcare. Despite the help, plaintiff's work schedule was reduced to three, eight-hour night shifts per week. At the time of her deposition, plaintiff was still working at a White Castle, but later averred in an affidavit that her employment was terminated because of childcare issues.

Plaintiff filed a claim under the no-fault act for survivor's loss benefits, which was assigned by the Michigan Assigned Claims Facility to State Farm. Defendant moved for summary disposition pursuant to MCR 2.116(C)(5) and (10), arguing that plaintiff is not entitled to survivor's loss benefits because there is no question of fact that she does not qualify as a dependent of the decedent. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). Plaintiff now appeals as of right.

## II. STANDARD OF REVIEW

This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition under MCR 2.116(C)(10) should be granted if the evidence submitted by the parties fails to establish a genuine issue of a material fact, and the moving party is entitled to judgment

---

[2] Plaintiff testified that she was the oldest of the six children, and the five younger children were adopted and lived out of state. The decedent's other children did not seek to recover survivor benefits.

[3] Plaintiff was not questioned regarding who cared for her children while the decedent received treatment for 30 days.

or partial judgment as a matter of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016). A genuine issue of material fact exists if, after viewing the record in a light most favorable to the nonmoving party, reasonable minds could differ on an issue. *West v Gen Motor Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A dispositive motion premised on MCR 2.116(C)(10) requires review of the affidavits, pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties. MCR 2.116(G)(5); *Innovation Ventures*, 499 Mich at 507.

Statutory interpretation presents a question of law subject to review de novo. *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 138; 923 NW2d 894 (2018). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). To determine the legislative intent, the court must examine the statute's plain language. *Klooster v Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed, the statute must be enforced as written, and further judicial construction is not permitted. *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013); *Briggs*, 485 Mich at 76.

## III. SURVIVOR BENEFITS

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there is a question of fact as to whether she was a dependent of the decedent, and therefore, entitled to survivor benefits, MCL 500.3110. We disagree.

"The [no-fault] act operates to compensate only a limited class of persons for economic losses sustained as a result of motor vehicle accidents." *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 243; 293 NW2d 594 (1980). Potential recipients of survivor's benefits must have had a certain relationship with the decedent prior to the decedent's death. *Id*. at 249. MCL 500.3108 governs personal protection benefits to survivors of individuals who died as a result of the ownership, operation, maintenance, or use of a motor vehicle, and states, in relevant part:

> (1) Except as provided in subsection (2), personal protection insurance benefits are payable for a survivor's loss which consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, not including services, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death and expenses, not exceeding $20.00 per day, reasonably incurred by these dependents during their dependency and after the date on which the deceased died in obtaining ordinary and necessary services in lieu of those that the deceased would have performed for their benefit if the deceased had not suffered the injury causing death.

Pursuant to MCL 500.3108(1), only "dependents of the deceased at the time of the deceased's death" are entitled to survivor's loss benefits. Although MCL 500.3108 does not define "dependent," it has been construed to include "a person who was receiving support and services from the deceased injured person prior to his death." *Belcher*, 409 Mich at 242. MCL 500.3110

provides further guidance as to who may constitute a dependent of a decedent, and states, in relevant part:

> (1) The following persons are conclusively presumed to be dependents of a deceased person:
>
> * * *
>
> (c) A child while under the age of 18 years, or over that age but physically or mentally incapacitated from earning, is dependent on the parent with whom he lives or from whom he receives support regularly at the time of the death of the parent.
>
> (2) In all other cases, questions of dependency and the extent of dependency shall be determined in accordance with the facts as they exist at the time of death.
>
> (3) The dependency of a surviving spouse terminates upon death or remarriage. The dependency of any other person terminates upon the death of the person and continues only so long as the person is under the age of 18 years, physically or mentally incapacitated from earning, or engaged full time in a formal program of academic or vocational education or training.

In essence, when an individual is not conclusively presumed to be the decedent's dependent, dependency is determined "upon the facts as they exist at the time of death." *Evola v Auto Club Ins Ass'n*, 184 Mich App 779, 782; 458 NW2d 676 (1990).[4] In addition to placing limits on the person entitled to recover compensation for economic losses, the act does not provide compensation for all economic losses suffered as a result of an automobile accident injury, including death. *Belcher*, 409 Mich at 245. With regard to benefits for survivors, they are payable only where the decedent "contributed things of tangible economic value to the dependent's support or where the deceased had performed services for his dependents during the injured person's lifetime." *Id*. at 249.

Plaintiff submits that she qualifies as a dependent of the decedent even though she is over 18 years old because she lived with the decedent, received regular support from the decedent, and her lack of education and work experience rendered her physically and mentally incapacitated from earning. MCL 500.3110 does not define the term "incapacitated." Although an undefined statutory term must be accorded its plain and ordinary meaning, a dictionary may be consulted "to define a common word or phrase that lacks a unique legal meaning." *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008).

"Incapacitated" is defined as "[s]omeone who is impaired by an intoxicant, by mental illness or deficiency, or by physical illness or disability to the extent that personal decision-

---

[4] This Court need not follow the rule of law established by a prior published decision issued before November 1, 1990. MCR 7.215(J)(1).

making is impossible." *Black's Law Dictionary* (11th ed). "Incapacitated" is also defined as "deprived of strength or power; debilitated." *New Oxford American Dictionary* (3rd ed). These definitions indicate that one is physically or mentally incapacitated from earning if she suffers from an affliction that makes it impossible to earn.

The trial court properly concluded that a question of fact was not presented regarding plaintiff's status as a dependent. Plaintiff is not entitled to the conclusive presumption of MCL 500.3110(1)(c) because she is over 18 years old, was working full-time at the time of the decedent's death, and continued to work for some time thereafter. Plaintiff's lack of formal education and minimal work experience did not prevent her from working full-time. Although plaintiff's ability to work full-time was impacted by the decedent's death because of childcare issues, her physical and mental capacity to earn was not. Moreover, neither MCL 500.3110(1)(c) nor (2) address the extent to which one must be capable of earning; they only address the capacity to earn at all. Accordingly, plaintiff cannot establish a question of material fact as to whether she is a presumptive dependent of the decedent under MCL 500.3110(1)(c) or a dependent in accordance with MCL 500.3110(2) because she was not physically or mentally incapacitated from earning.

Plaintiff primarily relies on *Vovak v Detroit Auto Inter-Insurance Exch*, 98 Mich App 81; 296 NW2d 193 (1980), which involved the plaintiff parents who sought survivor's loss benefits under the no-fault act after their son died in a car accident. At the time of their son's death, the son was 24 years old and living with the plaintiffs. *Id*. at 82-83. The son did not pay room and board, but was able to contribute about $40 to $50 per week for household expenses. *Id*. at 83. The plaintiff-father occasionally worked as a part-time salesman and received $233 in SSI each month, but was still unable to afford all of the household expenses. *Id*. The plaintiff-mother was unemployed when her son died and had only worked a few years throughout her entire adult life. *Id*. This Court affirmed the trial court's conclusion that the plaintiffs were dependent on their son's contribution of $40 per week and awarded them survivor's loss benefits. *Id*. at 86. This Court reasoned:

> [U]nder terms of . . . [MCL 500.]3110(3) of the Michigan no-fault statute, age and work experience are relevant in determining whether the claimants are physically or mentally incapacitated from earning. Such considerations undoubtedly can affect a person's ability to earn a living, and accordingly, have a bearing on the ultimate issue of dependency. The Legislature could have chosen to restrict those factors relevant to a determination of incapacity to identifiable medical conditions, as Congress has done in the Federal Social Security Act, but chose, wisely we think, not to do so. It is all too obvious that a person who is in generally acceptable physical condition may, nevertheless, be incapacitated from earning as a result of advanced age or employment inexperience due to long years spent working in the home. While this sort of incapacity, as with a more recognizable physical or mental incapacity, may be overcome, during its existence it produces the same result and should therefore entitle one to the same benefits. [*Id*.]

*Vovak* is not binding on this Court, MCR 7.215(J)(1), and is distinguishable from this case. Vocational factors may be a relevant consideration to determine whether an individual is

"physically or mentally incapacitated from earning" under MCL 500.3110(3). *Faircloth v Family Indep Agency*, 232 Mich App 391, 410; 591 NW2d 314 (1998) (relying on this Court's interpretation of MCL 500.3110(3) in *Vovak* to discern the Legislature's intent to consider employment factors in the Michigan state disability assistance program). Again, at the time of the decedent's death, plaintiff was working full-time and was the primary earner in the household. Plaintiff is also 26 years old whereas the plaintiffs in *Vovak* were near or at the age of retirement. Plaintiff was employed at the time of the decedent's death, and therefore, does not constitute a dependent of the decedent. Accordingly, plaintiff is not entitled to survivor's loss benefits because there is no question of fact that she does not qualify as a dependent of the decedent.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford