*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL COLLINSON,

Plaintiff-Appellant,

UNPUBLISHED
May 20, 2021

v

No. 351466
Wayne Circuit Court
LC No. 19-001589-NF

MEEMIC INSURANCE COMPANY

Defendant-Appellee.

Before: STEPHENS, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Plaintiff Michael Collinson appeals as of right the circuit court's order granting defendant MEEMIC Insurance Company summary disposition under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case involves a claim for survivor's loss benefits arising from plaintiff's mother's fatal vehicle accident. On November 10, 2016, plaintiff's mother, Janice Collinson (the decedent), was in a fatal car accident. At the time of the accident, the decedent's vehicle was insured by defendant. Thereafter, plaintiff applied for survivor's loss benefits under MCL 500.3108. Defendant denied plaintiff's application for benefits on the bases that (1) plaintiff did not qualify as a dependent under MCL 500.3108, and (2) plaintiff failed to provide proof of the decedent's financial contributions to plaintiff's dependency. On February 1, 2019, plaintiff filed a complaint against defendant for breach of contract and declaratory relief.

On July 23, 2019, defendant filed a motion for summary disposition under MCR 2.116(C)(10), wherein defendant argued that plaintiff: (1) failed to qualify as a dependent of the decedent under MCL 500.3110, or in the alternative, (2) failed to provide evidence of the contribution of things of tangible economic value upon which to calculate survivor's loss benefits under MCL 500.3108. Defendant argued that because plaintiff acknowledged at his deposition that he was over the age of 18 years, had worked several jobs before the decedent's death, and was not mentally or physically disabled from working, plaintiff was not qualified as a dependent under MCL 500.3110(1). Alternatively, defendant asserted that while plaintiff submitted a list of personal expenses including a printout of banking transactions, plaintiff could not attribute a single

-1-

transaction that was made by the decedent for his benefit. Therefore, defendant concluded that even if plaintiff showed he was a dependent, he would still not qualify for benefits if he failed to also show he received assistance from the decedent.

Plaintiff responded to the motion for summary judgment on October 3, 2019. Plaintiff argued that under MCL 500.3110, dependency was to be determined in accordance with the facts as they existed at the time of death. Plaintiff admitted that he worked several jobs, but argued that his income was still below the poverty line, he lived in low-income housing, and had difficulty maintaining employment. He argued that because of his age and lack of education, he had a difficult time taking care of himself and two children, and was thus, very much dependent on the decedent. Plaintiff contended that based on decedent's prior financial support, he was entitled to $5,452 dollars per 30 days for three years. He asserted that decedent's bank statements, his deposition testimony, tax statements, cooperative housing lease agreement, and T-Mobile and Comcast payment information established his claim.

On October 24, 2019 a hearing was held on the motion. The court found: (1) that plaintiff was not conclusively presumed a dependent under MCL 500.3110(1); (2) that MCL 500.3110(2) did not define a third-class of dependents, and (3) that the facts at the time of the decedent's death did not "fit within, uhm, any of the, uhm, circumstances that are in 3110, allowed, to allow him to be a dependent". An order granting defendant summary disposition followed the hearing. Plaintiff now appeals from that ruling.

## II. STANDARD OF REVIEW

"We review de novo both a trial court's decision to grant or deny a motion for summary disposition and questions of statutory interpretation." *PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 505; 778 NW2d 282 (2009). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). "In deciding a motion pursuant to MCR 2.116(C)(10), the trial court considers the pleadings, affidavits, depositions, admissions, or other documentary evidence in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists." *Titan Ins v N Pointe Ins*, 270 Mich App 339, 342; 715 NW2d 324 (2006). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## III. ANALYSIS

In interpreting provisions of the no-fault act, our "principal goal . . . is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *S Dearborn Envtl Improvement Assn, Inc v Dept of Envtl Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011) (citations

omitted). "We may consult dictionary definitions to give words their common and ordinary meaning." *Id* at 156-157.

"The [no-fault] act operates to compensate only a limited class of persons for economic losses sustained as a result of motor vehicle accidents." *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 243; 293 NW2d 594 (1980). "In addition, persons who are potential recipients of survivors' benefits must have had a certain relationship with the injured person prior to his death." *Id*. at 249. MCL 500.3108(1) provides that only "dependents of the deceased at the time of the deceased's death" are entitled to survivor's loss benefits. MCL 500.3110 defines a "dependent" of a deceased person as follows:

> (a) A wife is dependent on a husband with whom she lives at the time of his death.
>
> (b) A husband is dependent on a wife with whom he lives at the time of her death.
>
> (c) A child while under the age of 18 years, or over that age but physically or mentally incapacitated from earning, is dependent on the parent with whom he lives or from whom he receives support regularly at the time of the death of the parent.
>
> (2) In all other cases, questions of dependency and the extent of dependency shall be determined in accordance with the facts as they exist at the time of death.
>
> (3) The dependency of a surviving spouse terminates upon death or remarriage. The dependency of any other person terminates upon the death of the person and continues only so long as the person is under the age of 18 years, physically or mentally incapacitated from earning, or engaged full time in a formal program of academic or vocational education or training. . . .

When "plaintiffs do not fit within the categories of those conclusively presumed to be dependents set out in section (1), their status as dependents is determined under section (2), as limited by section (3)." *Vovak v Detroit Auto Inter-Insurance Exch*, 98 Mich App 81, 84; 296 NW2d 193 (1980).

Under a plain reading of MCL 500.3110(1)(c), as a child of the decedent over the age of 18, plaintiff was required to show that he was physically or mentally incapacitated from earning in order to be conclusively presumed a dependent of decedent. At his deposition, plaintiff denied having any physical or mental "disability" that would prevent him from working. Instead, plaintiff relies on *Vovak v Detroit Auto Inter-Insurance Exch*, *supra*, to argue that his young age and lack of work experience made him physically and mentally incapacitated from earning and dependent on decedent. In *Vovak*, the claimants for survivor's benefits were the decedent's parents. The decedent's father was 62 years old, employed part-time, and received a monthly check from social security. The decedent's mother was in her late fifties, unemployed at the time of decedent's death, and had only been employed outside the home one or two times during her adult life. At the time of his death, the decedent was 24 years old, lived with the claimants, was employed by General Motors, and contributed $40 to $50 per week toward household expenses. The circuit court found that the claimants were dependent on the decedent's weekly contribution, that their age and lack of work experience made them physically or mentally incapacitated from earning, and awarded them survivor's loss benefits. On appeal, the Court affirmed and held that age and work experience

could be considered when determining whether claimants were physically or mentally incapacitated from earning. The Court held that under Michigan's no-fault statute,

> age and work experience are relevant in determining whether the claimants are physically or mentally incapacitated from earning. Such considerations undoubtedly can affect a person's ability to earn a living, and accordingly, have a bearing on the ultimate issue of dependency. The Legislature could have chosen to restrict those factors relevant to a determination of incapacity to identifiable medical conditions, as Congress has done in the Federal Social Security Act, but chose, wisely we think, not to do so. *It is all too obvious that a person who is in generally acceptable physical condition may, nevertheless, be incapacitated from earning as a result of advanced age or employment inexperience due to long years spent working in the home.* While this sort of incapacity, as with a more recognizable physical or mental incapacity, may be overcome, during its existence it produces the same result and should therefore entitle one to the same benefits. [*Vovak*, 98 Mich App at 86 (emphasis added)].

*Vovak* does not help plaintiff's position. The case does instruct that courts may take into consideration age and employment experience, however, the facts in support of finding dependency in *Vovak*, namely advanced age and employment inexperience, are not present here; actually, they are just the opposite. Plaintiff was 26 years old at the time of decedent's death and at his deposition, testified to having held a number of jobs. Plaintiff's testimony indicated that he had no difficulty finding work and that he became unemployed at will, for example, because he did not like the job he was doing at the time. In fact, at his deposition, plaintiff identified not age or work experience as an incapacitation, but testified that the reason for his lack of earning capacity was due to having children. He testified that he could not obtain full-time work because he was a single-father of two children. Having children or childcare issues is not grounds for conclusively presuming dependency under MCL 500.3110(1), nor a fact recognized by this Court under MCL 500.3110(2), that if having existed at the time of the decedent's death, would establish dependency.

In contrast, defendant argues that the facts of plaintiff's case are more akin to those in *Dawson v State Farm Mutual Automobile Insurance Co*, unpublished per curiam opinion of the Court of Appeals, issued August 13, 2019 (Docket No. 342652). In *Dawson*, the daughter of the decedent appealed the circuit court's grant of summary disposition to the insurer denying her survivor's loss benefits. The daughter argued that "she qualifie[d] as a dependent of the decedent even though she [wa]s over 18 years old because she lived with the decedent, received regular support from the decedent, and her lack of education and work experience rendered her physically and mentally incapacitated from earning." The daughter had not graduated high school, worked at White Castle, had two children, and lived with the decedent. The decedent cared for the daughter's children while the daughter worked. The decedent, who relied on Social Security Supplemental Income, and the daughter pooled their funds together to equally split the costs for rent, utilities and groceries. On appeal, the Court interpreted the phrase "physically or mentally incapacitated from earning" to mean that one "suffers from an affliction that makes it impossible to earn." Applying this definition, the Court found that plaintiff's lack of formal education and minimal work experience did not prevent her from working full-time, and that while the decedent's death may have impacted the daughter's ability to work full-time for lack of a babysitter, the daughter's physical and mental capacity to earn was not affected. The Court affirmed the circuit

court's holding that the daughter was "not entitled to the conclusive presumption of MCL 500.3110(1)(c) because she [wa]s over 18 years old, was working full-time at the time of the decedent's death, and continued to work for some time thereafter."

Unpublished opinions, like *Dawson*, while not binding on this Court, may be considered for their instructive or persuasive value. MCR 7.215(C)(1); *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). *Dawson* and the instant case share some similarities in that both plaintiffs were adult children of their decedents who argued that age and work experience made them physically or mentally incapacitated from earning. Both plaintiffs were also single parents who relied on their decedents for daily necessities, childcare, and paying bills. However, we disagree with *Dawson*'s interpretation of the phrase "physically or mentally incapacitated from earning" to mean that one "suffers from an affliction that makes it impossible to earn" given *Vovak*'s holding that advanced age and work inexperience could also be considered toward establishing incapacitation. For this reason, we would not consider *Dawson* to be persuasive or instructive.

Plaintiff also argues that the circuit court failed to consider the facts as they existed at the time of the decedent's death under MCL 500.3110(2), however, the court considered the particular facts of plaintiff's case when it held that *Vovak*'s facts were inapplicable. Furthermore, after plaintiff's counsel argued the facts opposing summary disposition at the motion hearing, the court specifically stated, "the facts, at the time of, of her death, I, I still don't see how they fit within, uhm, any of the, uhm, circumstances that are in 3110, allowed, to allow him to be a dependent." The circuit court also inquired further into plaintiff's eligibility as a dependent under MCL 500.3110(3) by asking whether plaintiff was in school full-time. Consequently, the circuit court did not err in finding that plaintiff failed to establish a question of material fact as to whether he was a presumptive dependent of the decedent under MCL 500.3110(1) or a dependent under MCL 500.3110(2) because he was not physically or mentally incapacitated from earning.

Because only dependents are entitled to survivor's loss benefits under MCL 500.3108(1), the circuit court also did not err in holding that it would not consider evidence of the deceased's contributions of tangible things of economic value that plaintiff would have received during his dependency.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Anica Letica

-5-