DeSOT v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 103229. Submitted August 17, 1988, at Detroit. Decided October 6, 1988.

Michael DeSot, who owned a motorcycle for which he had not obtained insurance as required by the no-fault automobile insurance act, died from injuries sustained while riding his motorcycle. DeSot's widow, Gertrude DeSot, for herself and as next friend of Michael DeSot's children, brought an action in Macomb Circuit Court against Auto Club Insurance Association, the DeSots' no-fault insurer for their other motor vehicles. Plaintiff sought survivors' benefits under the personal protection insurance provisions of the policies issued by defendant. The trial court, Kenneth N. Sanborn, J., granted summary disposition in favor of defendant, ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

The right of a survivor to recover under the no-fault act is completely dependent upon the entitlement of the decedent had he lived. The decedent in this case, had he survived the accident, would not have been entitled to personal protection insurance benefits for accidental bodily injury, since § 3113(b) of the no-fault act, MCL 500.3113; MSA 24.13113, precludes recovery of such benefits by owners or registrants of motor vehicles or motorcycles involved in the accidents giving rise to the claims for such benefits. Accordingly, the trial court correctly concluded that the widow and children in this case are not entitled to survivors' benefits.

Affirmed.

INSURANCE — NO-FAULT — SURVIVORS' BENEFITS — UNINSURED MO-TORCYCLISTS.

Surviving dependents of a decedent may not recover no-fault

REFERENCES

Am Jur 2d, Automobile Insurance § 363.

Entitlement of child, spouse, parent, or other person to survivor's loss benefit under no-fault insurance acts. 12 ALR4th 975.

Effect of statutory exclusion, from personal injury protection of no-fault insurance coverage, of owner, registrant, or occupant of uninsured vehicle. 27 ALR4th 176.

personal protection insurance benefits for survivors' loss where the claim arises out of a motorcycle accident in which the decedent was riding his own uninsured motorcycle (MCL 500.3108, 500.3113[b]; MSA 24.13108, 24.13113[b]).

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Frank Krycia*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Gregory D. Van Tongeren*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), of Counsel, for defendant.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

PER CURIAM. Plaintiff appeals from an order of summary disposition pursuant to MCR 2.116(C)(10) granted to defendant on plaintiff's claim for first-party no-fault survivor benefits under plaintiff's no-fault insurance policy. On appeal, it is argued that the widow and children of a deceased motorcycle operator should be entitled to survivor benefits from the deceased's motor vehicle insurer even though the deceased did not have the requisite insurance for the motorcycle. We affirm.

The facts in this case are not in dispute. On July 22, 1986, at approximately 8:30 P.M., plaintiff's decedent, Michael Joseph DeSot, while traveling southbound on M-29, struck a vehicle driven by an uninsured motorist pulling out of a driveway. Decedent was taken to the hospital where he was pronounced dead on arrival. At the time of his death, decedent was married to plaintiff Gertrude DeSot. They were the parents of four minor children. Michael and Gertrude DeSot had two no-fault policies with defendant for the motor vehicles they regularly drove. However, at the time of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the accident, decedent was driving a motorcycle for which he did not purchase a separate insurance policy.

Plaintiff Gertrude DeSot, on behalf of herself and as next friend of her minor children, filed a complaint for no-fault survivors' benefits against defendant. The trial court granted summary disposition to defendant under MCR 2.116(C)(10), finding that there were no material facts at issue and that as a matter of law plaintiff could not prevail.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim or defense. The court is to consider affidavits, pleadings, depositions and other documentary evidence submitted by the parties. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). The benefit of any reasonable doubt is given to the party opposing the motion, and the court may only grant the motion if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). The courts are liberal in finding that a genuine issue does indeed exist. *Ruppal v Dep't of Treasury,* 163 Mich App 219, 225-226; 413 NW2d 751 (1987), lv den 429 Mich 891 (1987).

Opponents of a motion grounded upon this court rule must show the existence of a factual dispute by submitting opposing affidavits, testimony, depositions, admissions or other documentary evidence. Opinion evidence, conclusory denials, unsworn averments, and inadmissible hearsay do not satisfy this requirement because the existence of a disputed fact must be established by admissible evidence. *Pauley v Hall,* 124 Mich App 255, 262; 335 NW2d 197 (1983), lv den 418 Mich 870 (1983).

As the party opposing summary judgment, plaintiff had the burden of showing that a genuine issue

of disputed fact existed. *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985).

In this case, the trial court held that § 3113(B) of Michigan's no-fault automobile insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* would have disqualified plaintiff's decedent from collecting benefits if he had survived the accident, since he was operating a motorcycle for which he had failed to obtain the statutorily required insurance. MCL 500.3103; MSA 24.13103.

The issue that we must address in this case is whether the surviving dependents of one expressly barred from receiving personal protection insurance benefits are likewise barred from receiving survivors' benefits. We hold, as urged by defendant, that the trial court properly dismissed plaintiff's complaint as a matter of law, concluding that survivors' no-fault benefits are derivative of the decedent's right of recovery and that the language of § 3113(B) which would have precluded the decedent's claim also disqualifies the claim of the survivors.

It is clear that we must construe a statute as a whole to determine its purpose. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 242; 293 NW2d 594 (1980). Stated another way, a court must consider each provision of a statute in order to ascertain the overall purpose of the legislative act. *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634, 663; 344 NW2d 773 (1984) (RYAN, J., dissenting).

Where a claimant seeks payment of benefits under personal protection insurance, MCL 500.3105(1); MSA 24.13105(1) provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, mainte-

nance or use of a motor vehicle . . . subject to the provisions of this chapter.

MCL 500.3107; MSA 24.13107 makes personal protection insurance (PIP) benefits payable to an individual for certain losses suffered as a result of an injury sustained in an automobile accident. Section 3107 defines an injured person's recoverable losses. The act also recognizes certain losses suffered by the surviving dependents of a deceased injured person. MCL 500.3108; MSA 24.13108 defines the PIP benefits payable for survivor's loss. *Belcher, supra,* pp 245-246.

The Michigan Supreme Court has made it clear that § 3108 does not create an independent cause of action for dependents. The Court stated:

> Section 3108, standing alone, cannot be construed to entitle surviving dependents to recovery of no-fault benefits in all circumstances. [*Belcher, supra,* p 250.]

MCL 500.3103(1); MSA 24.13103(1) explicitly provides:

> An owner or registrant of a motorcycle shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by a person arising out of the ownership, maintenance, or use of that motorcycle.

MCL 500.3113; MSA 24.13113 designates three groups not entitled to personal protection benefits. The specific portion of that statutory exclusionary provision which is involved in this case reads as follows:

> A person is not entitled to be paid personal

protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

This statutory provision represents a legislative policy to deny benefits to those whose uninsured vehicles are involved in accidents. *Lewis v Farmers Ins Group,* 154 Mich App 324, 327; 397 NW2d 297 (1986). The *Belcher* Court specifically addressed the issue of survivors' entitlement and the scope of the § 3113(b) disqualification. There it was held that the right of the survivor to recover under the no-fault act is completely dependent upon the entitlement of the injured person had he lived. Survivor benefits are strictly derivative. *Belcher, supra,* p 255. The Court held:

Accordingly, we hold that survivors' loss benefits may not be recovered where the claim is based upon the accidental bodily injury resulting in death suffered by an owner or registrant of a vehicle for which the requisite security was not in effect at the time of the accident where the uninsured vehicle is involved in the accident. [*Belcher, supra,* p 261.]

The facts of the present case satisfy all of the elements specified in the exclusionary provision. Plaintiffs' decedent, had he survived the accident, would not have been entitled to be paid PIP benefits since he was the owner of the motorcycle involved in the accident for which he failed to secure the statutorily mandated insurance protection.

Plaintiff argues that the trial court improperly relied upon *Belcher* as precedent, stating that the language used by the Court in *Belcher* "indicates that the Court did not intend its decision to apply when the survivors were claiming benefits from their own insurance policy."

Plaintiff's position is a distinction without a difference as we view the facts of this case in relation to *Belcher*. The trial court properly concluded that the *Belcher* decision, holding that § 3113(b) would have disqualified decedent from receiving no-fault benefits had he lived, operates equally to exclude payment of survivor benefits to the dependents who step into his shoes.

Having concluded that the trial court properly interpreted the facts of this case as mandated by § 3113(b), it is not necessary for us to address plaintiff's argument that § 3114, MCL 500.3114; MSA 24.13114, is relevant here. Section 3114 is a provision which designates the order of priority among various insurers who are liable for payment of benefits for injuries received in an accident. The two sections are not mutually exclusive as suggested by plaintiff, but are complementary.

The granting of summary disposition to the defendant by the trial court is affirmed.