# STATE OF MICHIGAN

# COURT OF APPEALS

---

MOHAMED ALANI,

      Plaintiff-Appellee,

v

GEICO INDEMNITY COMPANY, GEICO
GENERAL INSURANCE COMPANY,
PROGRESSIVE MICHIGAN INSURANCE
COMPANY, and PROGRESSIVE MARATHON
INSURANCE COMPANY,

      Defendants,

and

SENTINEL INSURANCE COMPANY, LTD.,

      Defendant-Appellant.

UNPUBLISHED
January 30, 2018

No. 334061
Wayne Circuit Court
LC No. 15-010052-NF

---

Before: TALBOT, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Sentinel Insurance Company, (Sentinel) appeals by leave granted the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10) regarding plaintiff's action for no-fault personal protection insurance (PIP) benefits. *Alani v Geico Indemnity Co*, unpublished order of the Court of Appeals, entered November 29, 2016 (Docket No. 334061). We reverse and remand for entry of summary disposition in favor of defendant.

The following facts are undisputed. On August 2, 2014, plaintiff was injured in an automobile accident while driving his 2008 Chrysler Town and Country. At the time of the accident, plaintiff was operating the Chrysler as part of his taxi service, Super Star Transportation. The Chrysler was registered solely to plaintiff and titled in plaintiff's name d/b/a Super Star Transportation. Although the Chrysler was insured through a Sentinel commercial policy, the named insured was not plaintiff, but plaintiff's brother, Abdul Alani d/b/a Star One.

-1-

After the accident, plaintiff applied for PIP benefits with three insurance carriers: Geico (who insured his personal vehicle), Progressive (who insured a vehicle belonging to a different brother who was living with plaintiff), and Sentinel (who insured the Chrysler). When plaintiff was denied PIP benefits, he brought an action in the trial court. Sentinel moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff's failure to personally maintain insurance coverage on a vehicle titled and registered solely in his name disqualified him from receiving PIP benefits under MCL 500.3113(b). The trial court denied Sentinel's motion, finding that regardless of whether plaintiff maintained his own coverage of the Chrysler, he was entitled to PIP benefits as the operator of a motor vehicle used in the business of transporting passengers under MCL 500.3114(2).[1] Thus, the court held that Sentinel was responsible for the payment of PIP benefits to plaintiff. As previously noted, this Court granted leave to appeal.

On appeal, Sentinel argues that the trial court erred in denying its motion for summary disposition. We agree. This Court reviews a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Id.* Summary disposition is proper if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10).

Questions of statutory interpretation are also reviewed de novo. *Stanton v City of Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002). "The primary rule of statutory interpretation is that we are to effect the intent of the Legislature." *Id.* at 615. "To do so, we begin with the language of the statute, ascertaining the intent that may reasonably be inferred from its language. When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted." *Odom v Wayne Co,* 482 Mich 459, 467; 760 NW2d 217 (2008) (citation and quotation marks omitted)

Sentinel contends that MCL 500.3113(b) and MCL 500.3101(1) precluded plaintiff from collecting PIP benefits, and that the trial court erroneously relied upon MCL 500.3114 in determining otherwise. MCL 500.3113 provides, in pertinent part,

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\* \* \*

---

[1] Geico and Progressive also filed motions for summary disposition arguing that Sentinel was first in priority as insurer of the Chrysler. The trial court agreed and granted Geico and Progressive's motions for summary disposition, effectively dismissing them from the action.

(b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by [MCL 500.3101] was not in effect.

Sentinel argues that the statute, thus, bars a person from receiving PIP benefits if that person owned the vehicle involved in the accident but failed to carry no-fault insurance on that vehicle as required by MCL 500.3101. MCL 500.3101 provides, in pertinent part,

(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.

To support its position, Sentinel relies heavily on *Barnes v Farmers Ins Exch*, 308 Mich App 1, 5; 862 NW2d 681 (2014). In *Barnes*, the plaintiff was the co-owner of a motor vehicle that was insured under a policy taken out by a family friend. *Id*. at 3. The plaintiff argued that MCL 500.3113(b) did not preclude her from recovering PIP benefits because, although neither she nor the other co-owner maintained insurance on the vehicle, the vehicle was nonetheless insured, albeit by a nonowner. *Id*. at 6. This Court disagreed and found that the plaintiff was ineligible for PIP benefits under MCL 500.3113(b). *Id*. at 8-9. In doing so, the Court explained that while each and every owner of a vehicle need not obtain insurance, "under the plain language of MCL 500.3113(b), when none of the owners maintains the requisite coverage, no owner may recover PIP benefits." *Id.* Accordingly, this Court concluded that "because it is undisputed that the only coverage was supplied by [a family friend], who had been deemed to not be an owner, plaintiff is precluded under the no-fault act from recovering PIP benefits." *Id*. at 9.

In this case, plaintiff was the sole owner of the Chrysler involved in the accident, and therefore, the only owner capable of maintaining the requisite insurance under MCL 500.3113(b). *Barnes*, 308 Mich App at 8-9. Although the car was covered by an insurance policy, the named insured, Alani, had no ownership interest in the car. Thus, in accordance with *Barnes,* the plaintiff is barred from recovering PIP benefits from Sentinel because he was the sole owner and registrant of the vehicle involved in the accident pursuant to MCL 500.3113(b) and failed to maintain insurance on the vehicle as required by MCL 500.3101(1).

The trial court, however, found that unlike the case at hand, *Barnes* did not contemplate the application of MCL 500.3114(2) because it involved a personal use vehicle rather than a vehicle used for business purposes. MCL 500.3114(2) provides:

A person suffering accidental bodily injury while an operator or a passenger of a motor vehicle operated in the business of transporting passengers shall receive the personal protection insurance benefits to which the person is entitled from the insurer of the motor vehicle.

Because plaintiff operated his Chrysler in the business of transporting passengers, the trial court held that MCL 500.3114(2) was the applicable statute, and that pursuant to that statute, plaintiff was entitled to PIP benefits from the insurer of the vehicle, regardless of whether he personally maintained the insurance policy.

We reject the trial court's distinction of this case from our holding in *Barnes*. MCL 500.3114, titled "Payment of Personal Protection Insurance Benefits, Order of Priority among Insurers," is a statute that deals with the *priority* of insurers. See *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 769; 887 NW2d 635 (2016). Moreover, the language of MCL 500.3114(2) limits a vehicle operator's recovery of no-fault benefits to those "benefits to which the person is *entitled*." (Emphasis added.[2]) Indeed, there is no need to address the priority of insurers under MCL 500.3114 if the injured person was not "entitled" to receive benefits to begin with. See *DeSot v Auto Club Ins Ass'n*, 174 Mich App 251, 257; 435 NW2d 442 (1988) (finding that it was not necessary to address plaintiff's arguments regarding MCL 500.3114 because he was barred from recovering PIP benefits pursuant to MCL 500.3113(b)). Thus, the trial court erred in relying on MCL 500.3114(2) to distinguish *Barnes* and deny Sentinel's motion for summary disposition. Rather, the trial court should have first analyzed whether plaintiff was entitled to recover PIP benefits under the correct statutes—MCL 500.3113(b) and MCL 500.3101(1)—before analyzing priority under MCL 500.3114.

This Court notes that plaintiff's arguments on appeal have evolved substantially. Rather than continuing to rely upon MCL 500.3114(2), plaintiff now contends that he "maintained" insurance on his vehicle pursuant to the plain language of MCL 500.3101(1). Plaintiff essentially argues that by paying Alani for his portion of the insurance bill, plaintiff "maintained" insurance coverage and therefore is not barred from receiving PIP benefits. Although this argument was not raised in a cross-appeal, it is properly before this Court because "an appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order." *Vanslembrouck v Halperin*, 277 Mich App 558, 565; 747 NW2d 311 (2008). Nevertheless, plaintiff's argument is at odds with *Barnes*.

In *Barnes*, it was clear that one of the co-owners paying a family friend to insure the vehicle at issue was not enough to satisfy the requirements of MCL 500.3113(b) and MCL 500.3101(1). *Barnes*, 308 Mich App at 8-9. Indeed, *Barnes* interpreted MCL 500.3113(b) and MCL 500.3101(1) as requiring at least one owner of a motor vehicle to have purchased the insurance policy covering the vehicle in order for any owners to be eligible to recover no-fault benefits. *Id*. Accordingly, *Barnes* is dispositive in this case, and as the sole owner of the motor vehicle involved in the accident, plaintiff is precluded from recovering PIP benefits because he failed to personally purchase insurance on the vehicle.[3]

---

[2] This Court must interpret a statute to give effect to every word, phrase, or clause. *Johnson*, 492 Mich at 177.

[3] During oral arguments, plaintiff relied heavily on *Henderson v King*, unpublished per curiam opinion of the Court of Appeals, issued November 28, 2017 (Docket No. 334105). However, as an unpublished opinion, *Henderson* is not binding. MCR 7.215(C)(1). Moreover, we find that *Henderson*'s holding was fact specific, and we disagree with *Henderson*'s reasoning for distinguishing *Barnes*. Thus, we find that *Barnes*, a published opinion, controls the outcome of this appeal. See MCR 7.215(C)(2).

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien