*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF BRIANNA C. HENDRIX, AMC and
AMH, Minors, by Next Friend ANASTASIA
CARTER, and ADH, Minor, by Next Friend
ROBERT MONTGOMERY,

        Plaintiffs-Appellants,

v

KEITH E. SINGLETON, CRYSTAL N. PARKER-
SINGLETON, also known as CRYSTAL N.
PARKER, and FARMERS INSURANCE
EXCHANGE,

        Defendants-Appellees,

and

ASPIRE GENERAL INSURANCE SERVICE,
ASPIRE SHIELD AND DRIVEN SOLUTIONS,
MICHIGAN ASSIGNED CLAIMS PLAN, and USA
UNDERWRITERS,

        Defendants.

UNPUBLISHED
December 12, 2025
10:50 AM

No. 369566
Oakland Circuit Court
LC No. 2021-185474-NF

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

In this action to recover personal injury protection ("PIP") benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiffs, Estate of Brianna C. Hendrix ("plaintiff estate"); AMC and AMH, by next friend Anastasia Carter; and ADH, by next friend Robert Montgomery, appeal by

right the order granting summary disposition in favor of defendant, Farmers Insurance Exchange ("Farmers"). Finding no errors warranting reversal, we affirm.[1]

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case presents a complicated procedural history and arises from the death of the decedent, Brianna C. Hendrix, and the subsequent attempt to recover no-fault benefits by plaintiff estate and the decedent's surviving minor children, AMC, AMH, and ADH (collectively, "surviving children" or "plaintiff children"). On December 23, 2019, the decedent applied for automobile insurance through defendant USA Underwriters ("USA"). The application required the decedent to disclose whether she "ever had [her] driver's license suspended or revoked," to which she responded no. However, driving records reveal that the decedent's driver's license was suspended on six separate occasions prior to her application. Nonetheless, USA issued an insurance policy to the decedent based on the information contained in her application.

On January 4, 2020, the decedent was a passenger in the back seat of a vehicle driven by defendant Keith E. Singleton. Singleton was driving while intoxicated, and eventually lost control and crashed the vehicle. The decedent ultimately died as a result of the injuries she sustained in the accident. Singleton was uninsured, and the vehicle he drove was owned by his mother, defendant Crystal N. Parker-Singleton.

In January 2021, plaintiff estate initiated this lawsuit, alleging claims of negligence and wrongful death against Singleton, and a claim of negligence against Parker-Singleton. Plaintiff estate also brought a claim against the Michigan Assigned Claims Plan ("MACP") for failure to pay no-fault benefits. In February 2021, plaintiff estate amended its complaint to add USA as a defendant, again asserting a claim for failure to pay no-fault benefits. Plaintiff estate later added a claim for breach of contract against USA by way of a second-amended complaint.

In October 2021, USA moved for summary disposition under MCR 2.116(C)(10), seeking to rescind the decedent's insurance policy based on material misrepresentations in her application for insurance. On November 4, 2021, following a hearing, the trial court granted USA's motion in a written opinion and order. It rejected plaintiff estate's argument that the "innocent third-party rule" required it to balance the equities as to the surviving children because "while the children may be the underlying beneficiaries, they are not the underlying claimant." The trial court declared the USA-issued policy void and determined that the MACP was the highest-priority insurer.

Shortly thereafter, the MACP assigned plaintiff estate's claim for benefits to Farmers, and in December 2021, the trial court entered a stipulated order substituting Farmers in place of the MACP, dismissing the MACP without prejudice, and granting leave for plaintiff estate to file an amended complaint. Plaintiff estate then filed a third-amended complaint against Farmers, alleging a claim for failure to pay no-fault benefits.

---

[1] This appeal primarily involves claims by plaintiff estate and plaintiff children against Farmers. Although defendants Keith E. Singleton and Crystal N. Parker-Singleton are designated as appellees in this matter, they have not filed briefs on appeal.

In April 2023, pursuant to leave granted by the trial court, Farmers moved for summary disposition pursuant to MCR 2.116(C)(10). Farmers argued that plaintiff estate's claim should be dismissed because the allowable expenses that plaintiff estate was entitled to under MCL 500.3107 were already paid, and plaintiff estate was not entitled to survivor's benefits under MCL 500.3108. Instead, survivor's benefits were payable to the surviving children, who were not parties to the lawsuit. Plaintiff estate opposed the motion, and separately moved in the trial court for leave to substitute plaintiff estate for the surviving children or allow the surviving children and their guardians to intervene and pursue survivor's benefits.

On May 31, 2023, the trial court issued an opinion and order determining that the surviving children were the real parties in interest with respect to plaintiff estate's claim for survivor's benefits under MCL 500.3108. The court declined to dismiss plaintiff estate entirely, reasoning that its claims under MCL 500.3107 remained unresolved. Therefore, the trial court granted in part and denied in part Farmers' motion, and granted plaintiff estate's motion to amend the complaint to include the surviving children as parties to the lawsuit. A fourth-amended complaint was filed in June 2023, adding plaintiff children. In a separate order, Anastasia Carter was appointed next friend of AMC and AMH, and Robert Montgomery was appointed next friend of ADH.

In July 2023, plaintiff children moved to reinstate the rescinded USA policy, arguing that they were innocent third parties who had no active role in the decedent's misrepresentation on her application for insurance. Because plaintiff children were now parties to the lawsuit, reinstatement of the USA policy was warranted. Plaintiff children also sought leave in a separate motion to amend their complaint to substitute Farmers for USA. The trial court denied plaintiff children's motions in an August 22, 2023 opinion and order, reasoning that there was no policy to warrant adding USA as a defendant. The trial court also denied plaintiff children's request to amend the complaint based on undue delay, undue prejudice, and the repeated failure to cure deficiencies throughout the course of the previously-allowed amendments.

In October 2023, plaintiff estate moved to dismiss its claim against Farmers, asserting that its only remaining claim was for medical expenses and that Farmers paid an outstanding Medicaid lien. The next day, Farmers moved for leave to file an amended answer to assert a counterclaim against plaintiff estate. Farmers argued that before plaintiff children were added as parties to the lawsuit, it paid survivor's benefits to plaintiff estate for the benefit of plaintiff children. However, after plaintiff children were added as parties, they disclosed their receipt of social security benefits, which were required to be set off from the amount paid. As a result, Farmers claimed it was entitled to a refund based on the setoff. Despite these payments, plaintiff children contended that they never received the survivor's benefits, which were paid to plaintiff estate and used for attorney fees and other administrative costs.

While Farmers agreed that plaintiff estate's claims should be dismissed with prejudice, it requested the court to allow Farmers to amend its answer to bring a counterclaim against plaintiff estate for its good-faith payment of survivor's benefits. In November 2023, the trial court issued a written opinion and order granting plaintiff estate's motion to dismiss. While the court acknowledged that Farmers' argument for a counterclaim had merit, it nonetheless denied Farmers' motion for leave to file a counterclaim given that trial was scheduled in less than two

-3-

weeks. It noted, however, that Farmers "may file a separate lawsuit against the Estate seeking redress for the claims outlined in its Motion."

The parties proceeded towards trial, each submitting their respective trial briefs. In November 2023, based on review of the parties' trial briefs, the trial court adjourned the trial and ordered Farmers to file a motion for summary disposition under MCR 2.116 "outlining the legal issues presented in its trial brief." It also directed plaintiff children to file a response in accordance with MCR 2.116(G)(1)(a)(*ii*). In December 2023, Farmers filed its motion for summary disposition pursuant to MCR 2.116(C)(10). It argued that its prior payment for survivor's loss benefits to plaintiff estate fulfilled its obligation to pay benefits, and that plaintiff children's claim for additional survivor's loss benefits lacked factual and legal support. Farmers further maintained that it was entitled to a setoff of $32,024 based on social security benefits received by plaintiff children. Plaintiff children filed a response to Farmers' motion, but it was untimely.

On January 12, 2024, the trial court issued a written opinion and order granting Farmers' motion for summary disposition. The trial court declined to consider plaintiff children's untimely response to the motion, treating Farmers' motion as unopposed. The court determined that plaintiff children admitted to receiving $32,024 in social security survivor's benefits, which were required to be set off from Farmers' $17,057.35 award of survivor's loss benefits. The trial court also declined to consider additional claims for damages asserted by plaintiff children, which were "raised for the first time over 18 months after the initiation of this lawsuit" in the parties' September 7, 2023 joint final pretrial order. The trial court then dismissed plaintiff children's remaining claims with prejudice. This appeal ensued.

## II. STANDARDS OF REVIEW

Whether this Court has jurisdiction to hear an appeal is an issue of law that this Court reviews de novo. *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 84; 832 NW2d 288 (2013). "Issues involving mootness are questions of law that are reviewed de novo." *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022).

We also review a trial court's decision on a motion for summary disposition de novo. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 652. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree." *Id*. On review, this Court "consider[s] the documentary evidence in the light most favorable to the nonmovant." *Id*.

"Finally, the application of an equitable doctrine such as rescission is also reviewed de novo." *Wilmore-Moody v Zakir*, 511 Mich 76, 83; 999 NW2d 1 (2023). "[B]ecause rescission is an equitable remedy, it should be granted only in the sound discretion of the court." *Id*. at 85 (quotation marks and citations omitted). "An abuse of discretion occurs when the decision falls outside the range of reasonable and principled outcomes," and "[a]n abuse of discretion necessarily occurs when the trial court makes an error of law." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020).

-4-

## III. ANALYSIS

## A. JURISDICTION AND MOOTNESS

Farmers argues that this Court lacks jurisdiction with respect to plaintiff estate's appeal of the trial court orders involving Farmers because plaintiff estate is not an aggrieved party and its voluntary dismissal of its claim rendered its appeal moot. We disagree.

On appeal, plaintiff estate challenges the trial court's November 14, 2021 order granting summary disposition in favor of USA and the May 31, 2023 order granting partial summary disposition in favor of Farmers. In its brief on appeal, Farmers initially argued that this Court lacked jurisdiction with respect to plaintiff estate's entire portion of the appeal. However, during oral argument in this Court, Farmers conceded that plaintiff estate was an aggrieved party with respect to the trial court's grant of summary disposition in favor of USA. Therefore, we must determine whether this Court has jurisdiction to consider plaintiff estate's appeal of the trial court's May 31, 2023 order granting partial summary disposition in favor of Farmers.

Farmers maintains that because plaintiff estate voluntarily moved to dismiss its remaining claims against Farmers without reserving its appellate rights, it is not an aggrieved party under MCR 7.203(A). Under MCR 7.203(A)(1), this Court has jurisdiction of an appeal by right "filed by an aggrieved party" from "[a] final judgment or final order of the circuit court." Our Supreme Court has articulated several principles to consider in determining whether a party is aggrieved:

> To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006) (quotation marks and citations omitted).]

We conclude that plaintiff estate was aggrieved by the May 31, 2023 order granting partial summary disposition in favor of Farmers, which determined that plaintiff estate was not the proper party to pursue survivor's benefits. Plaintiff estate had a pecuniary interest in whether it was entitled to receive benefits under MCL 500.3108, and plaintiff estate suffered "a concrete and particularized injury" from the trial court's grant of partial summary disposition on the issue. *Federated Ins Co*, 475 Mich at 291.

Farmers, however, maintains that plaintiff estate is not an aggrieved party by virtue of its October 24, 2023 motion to dismiss its remaining claims against Farmers. "Although parties typically may appeal a final order by right, the general rule is that parties who consent to a final order cannot appeal its merits." *Jaber v P & P Hospitality, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363572); slip op at 4. Farmers presents some argument regarding the applicability of *Jaber*, which held that "an appellant may raise issues arising out of an earlier

order relating to one party, even if the appellant has failed to reserve the right to appeal in a subsequent, stipulated order of dismissal as to another party." *Id*. at ___; slip op at 2. However, *Jaber* involved a stipulated order of dismissal, and this Court analyzed agreements such as "consent judgments, agreements regarding settlements, and stipulated orders . . . in accordance with general contract law." *Id*. at ___; slip op at 9. Here, there was no such agreement between the parties. Indeed, plaintiff estate moved to dismiss its remaining claims because Farmers refused to stipulate to its dismissal.

To the extent that plaintiff estate's October 24, 2023 motion to dismiss its remaining claims can be construed as a stipulated order of dismissal, plaintiff estate is not asserting error arising from the trial court's grant of its own motion. Instead, it challenges the May 31, 2023 order granting partial summary disposition based on plaintiff estate's entitlement to benefits under MCR 500.3108. *Jaber* does not preclude the exercise of jurisdiction under these circumstances. See *Jaber*, ___ Mich App at ___; slip op at 11 ("[W]e acknowledge the long-established rule that a party cannot stipulate to a matter and then complain on appeal about the stipulated matter. But plaintiff is not asserting error in the stipulated order; rather, plaintiff contends that the error was inherent in the earlier order granting summary disposition to P & P") (citation omitted).

Farmers also asserts that plaintiff estate's claim is moot, citing *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010), which held that a prosecutor's voluntary dismissal of criminal charges against a defendant rendered its subsequent appeal moot. "Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *Id*. at 35. "[A] case is moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights." *Id*. (quotation marks and citation omitted). "It is well established that a court will not decide moot issues. This is because it is the principal duty of this Court . . . to decide actual cases and controversies." *Id*. at 34 (quotation marks and citations omitted).

This case does not present a situation where plaintiff estate "denied itself appellate review by obtaining dismissal of its own case . . . ." *Id*. at 37. Notably, the trial court's May 31, 2023 partial grant of summary disposition related to plaintiff estate's pursuit of survivor's benefits under MCL 500.3108. In that same order, the trial court denied Farmers' motion with respect to plaintiff estate's claim to benefits under MCL 500.3107, reasoning that "the Estate's claims under MCL 500.3107 have not been resolved." Following several more months of litigation, plaintiff estate moved to dismiss its remaining claim against Farmers, reasoning that "the only remaining claim the Estate had against Farmers was for medical expenses" under MCL 500.3107. While the trial court granted plaintiff estate's motion with respect to its remaining MCL 500.3107 claims, there is still an existing controversy for this Court to consider regarding the trial court's dismissal of plaintiff estate's claim under MCL 500.3108. This case does not merely present "abstract questions of law which do not rest upon existing facts or rights." *Richmond*, 486 Mich at 35 (quotation marks and citation omitted). Accordingly, plaintiff estate's October 24, 2023 motion to dismiss its remaining claims does not render moot its challenge to the trial court's May 31, 2023 partial grant of summary disposition.

## B. RESCISSION

Plaintiff estate and plaintiff children challenge the trial court's November 4, 2021 order granting summary disposition in favor of USA and its August 22, 2023 order denying plaintiff

children's motion to reinstate the USA policy, arguing that the trial court was required to apply the *Pioneer* balancing test before deciding whether to rescind the decedent's auto-insurance policy. We disagree.

"[A]utomobile insurance contracts are governed by a combination of statutory provisions and the common law of contracts," and "[i]nsurance policies are contracts subject to the same contract construction principles that apply to any other species of contract." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018) (quotation marks and citations omitted). "[B]ecause insurance policies are contracts, common-law defenses may be invoked to avoid enforcement of an insurance policy, unless those defenses are prohibited by statute." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012). One such common-law defense is fraud, which "include[s] actionable fraud, also known as fraudulent misrepresentation; innocent misrepresentation; and silent fraud, also known as fraudulent concealment." *Id*. at 555. To establish actionable fraud, a party must prove:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery. [*Id*. (quotation marks and citations omitted).]

Regarding innocent misrepresentation, "the party alleging innocent misrepresentation is not required to prove that the party making the misrepresentation intended to deceive or that the other party knew the representation was false." *M&D, Inc v WB McConkey*, 231 Mich App 22, 28; 585 NW2d 33 (1998). "[A] fact or representation in an application is material where communication of it would have had the effect of substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001) (quotation marks and citation omitted).

Where fraud is established, a party may seek "grounds to retroactively avoid contractual obligations through traditional legal and equitable remedies such as cancellation, rescission, or reformation . . . ." *Titan*, 491 Mich at 558. "Generally, [f]raud in the inducement to enter a contract renders the contract *voidable* at the option of the defrauded party . . . . For that reason, an insurance policy procured by fraud may be declared void *ab initio* at the option of the insurer." *Bazzi*, 502 Mich at 408 (quotation marks and citations omitted; alteration in original).

In this case, there is no genuine issue of material fact that the decedent made a material misrepresentation on her application for insurance with USA. The decedent falsely represented on her application that she never had her driver's license suspended or revoked, when in fact, it was suspended on six separate occasions prior to her application for insurance, with the last suspension being as recent as December 2017. USA submitted an affidavit by Takara Thompkins, an underwriting specialist for USA, stating that USA issued the decedent a policy based on the information contained in her application and that USA would not have issued the decedent a policy

if her license was suspended or revoked in the three years prior to her application. Had the decedent disclosed her prior license suspensions, it would have revealed that her license was suspended in December 2017, which was within the three years prior to her December 2019 application for insurance. This would have made the decedent's application "not acceptable for the program of insurance." Under these circumstances, it was permissible for USA to void the policy *ab initio* based on the fraudulent manner in which it was acquired.

Notably, rescission "does not function by automatic operation of the law. Instead, because rescission is an equitable remedy, it should be granted only in the sound discretion of the court." *Wilmore-Moody*, 511 Mich at 85 (quotation marks and citations omitted). Plaintiffs argue that the trial court erred by failing to balance the equities between plaintiff children and USA before determining whether rescission was proper.

Our Supreme Court has stated that between two innocent parties, "rescission does not function by automatic operation of the law," and "[j]ust as the intervening interest of an innocent third party does not altogether bar rescission as an equitable remedy, neither does fraud in the application for insurance imbue an insurer with an absolute right to rescission of the policy with respect to third parties." *Bazzi*, 502 Mich at 411. Instead, "when two equally innocent parties are affected, the court is required, in the exercise of [its] equitable powers, to determine which blameless party should assume the loss." *Id.* at 410-411 (quotation marks and citation omitted; alteration in original). This Court has adopted five factors for trial courts to evaluate when balancing the equities between an insurer and innocent third party:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Pioneer*, 331 Mich App at 411.]

On appeal, plaintiff estate and plaintiff children argue that the trial court was required to evaluate the foregoing factors before determining whether to rescind USA's policy. However, their argument ignores the principle that "[s]urvivor benefits are strictly derivative," and "the right of the survivor to recover under the no-fault act is completely dependent upon the entitlement of the injured person had he lived." *DeSot v Auto Club Ins Ass'n*, 174 Mich App 251, 256; 435 NW2d 442 (1988). See also *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 255; 293 NW2d 594 (1980) ("[A] survivor's entitlement to benefits may be said to be derivative of or dependent upon the deceased injured person's entitlement to benefits had he survived."). Because the decedent would not be entitled to benefits from USA had she survived, plaintiff children are not eligible for survivor's benefits under the USA policy. Plaintiff children are not an innocent third party under *Bazzi* and *Pioneer*, and the trial court did not err by granting USA's motion for summary disposition and denying plaintiff children's motion to reinstate the USA policy.

## C. REAL PARTY IN INTEREST

Plaintiff estate challenges the trial court's May 31, 2023 grant of partial summary disposition in favor of Farmers, arguing that plaintiff estate was the real party in interest and entitled to pursue survivor's benefits under MCL 500.3108. We disagree.

MCR 2.201(B) provides that "[a]n action must be prosecuted in the name of the real party in interest." Further,

> *A personal representative*, guardian, conservator, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a person authorized by statute *may sue in his or her own name without joining the party for whose benefit the action is brought*. [MCR 2.201(B)(1) (emphasis added).]

"Personal protection insurance benefits are payable to or for the benefit of an injured person or, in case of his or her death, to or for the benefit of his or her dependents." MCL 500.3112. "The [no-fault act] operates to compensate only a limited class of persons for economic losses sustained as a result of motor vehicle accidents. Under personal protection insurance, benefits are made payable only to injured persons *or* surviving dependents of the injured person." *Belcher*, 409 Mich at 243-244 (emphasis added). "Personal protection insurance benefits are payable to two separate recipient categories: an[] 'injured person' or 'his dependents.' An injured person is eligible to receive benefits payable under [MCL 500.3107]. Surviving dependents are eligible to receive benefits payable under [MCL 500.3108]." *Id*. at 247 (some citations omitted).

In this case, the personal representative of the decedent's estate is court-appointed attorney Darren Findling. As Farmers points out, Findling did not pursue this no-fault action in his own name. Therefore, under MCR 2.201(B)(1), "the party for whose benefit the action is brought" was required to be joined in the lawsuit. While an injured person may receive benefits under MCL 500.3107, survivor's benefits under MCL 500.3108 are payable to surviving dependents, which is a "separate recipient categor[y]." *Belcher*, 409 Mich at 247. Based on these principles, the trial court did not err when it determined that plaintiff children—and not plaintiff estate—were the proper party to pursue survivor's benefits under MCL 500.3108.

Plaintiff estate argues that the trial court's determination that it was not the proper party to pursue survivor's benefits is precluded by the court's November 4, 2021 order granting summary disposition in favor of USA. In that order, the trial court stated, "The Court finds that while the children may be the underlying beneficiaries, they are not the underlying claimant. [The decedent's] Estate is the underlying claimant." In support of this assertion, plaintiff estate relies on the doctrine of res judicata, which is a legal doctrine that prevents relitigation of an issue or claim. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 346 Mich App 197, 203; 12 NW3d 20 (2023). Res judicata "bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the claims in the second case were, or could have been, resolved in the first case." *Id*. The doctrine of res judicata is clearly inapplicable here because the trial court orders at issue were entered during the same proceeding. Further, the trial court's November 4, 2021 grant of summary disposition involved the application of the innocent-third party rule. The parties did not address, nor did the trial court decide, whether plaintiff estate was the proper party to pursue survivor's benefits under MCL 500.3108. Plaintiff estate's contention that the trial court was bound by its prior decision is therefore meritless.

## D. SURVIVOR'S BENEFITS

Plaintiff children lastly challenge the trial court's January 12, 2024 grant of summary disposition in favor of Farmers, arguing that Farmers was not entitled to a setoff from plaintiff children and that plaintiff children presented factual support for their claim of additional survivor's benefits. We disagree as to each contention.

We first note that plaintiff children's response to Farmers' motion for summary disposition was untimely. After reviewing the parties' respective trial briefs, the trial court directed Farmers to file a motion for summary disposition and ordered plaintiff children to file a response in accordance with MCR 2.116(G)(1)(a)(*ii*) (providing that any response to a motion for summary disposition "must be filed and served at least 7 days before the hearing"). Farmers filed its motion on December 12, 2023, noticing the hearing for January 10, 2024. Plaintiff children did not respond until January 8, 2024, only two days before the hearing. Based on plaintiff children's untimely motion, the trial court treated Farmers' motion as unopposed. The trial court did not abuse its discretion by enforcing its scheduling order and declining to consider plaintiff children's untimely filing. See *Prussing v Gen Motors Corp*, 403 Mich 366, 370; 269 NW2d 181 (1978) ("Prussing's belated attempt to file an affidavit in opposition was in such form and manner that the judge's failure to treat it as a timely opposing affidavit was not an abuse of discretion."); *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 352; 711 NW2d 801 (2005) ("Because defendants' motion came several weeks after the deadline established by the scheduling order and only a few weeks before the trial was to begin, we cannot conclude that the trial court's decision not to entertain the motion was an abuse of discretion."). Notwithstanding, the trial court also properly granted Farmers' motion for summary disposition on the merits.

Plaintiff children first contend that the trial court erred when it determined that Farmers was entitled to a setoff based on their receipt of social security survivor's benefits. "Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury under this chapter." MCL 500.3109(1). Social security benefits are benefits provided under the laws of the federal government "and shall be subtracted from the no-fault personal protection insurance benefits otherwise payable for an automobile injury." *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 194; 596 NW2d 142 (1999). This applies equally in the context of survivor's benefits. *Id*. at 192.

Farmers presented documentary evidence that it paid plaintiff estate $17,057.35 in survivor's loss benefits. In the parties' joint settlement conference statement filed on September 25, 2023, the parties acknowledged as an "uncontested fact[]," that "[e]ach of [the decedent's] daughters received a lump sum payment of $10574 from SSA," and that "Robert Montgomery received a total lump sum payment of $1856 from SSA," making the total amount of social security benefits received by plaintiff children $32,024. Given that plaintiff children acknowledged their receipt of social security benefits, which are required to be set off from payable survivor's benefits under the no-fault act, the trial court did not err in determining that Farmers was entitled to a setoff in the amount of $32,024.

Plaintiff children contend that because they never received the benefits paid to plaintiff estate, Farmers should not be credited for their payment of survivor's loss benefits. Plaintiff

children asserted that they did not receive this payment because plaintiff estate applied it towards administrative fees. However, under MCL 500.3112, an insurer's payment "in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability to the extent of the payments unless the insurer has been notified in writing of the claim of some other person." Farmers paid survivor's benefits to plaintiff estate in December 2021, and March 2022. At the time, plaintiff estate was the only party in the lawsuit and it was asserting claims for both allowable expenses under MCL 500.3107 and survivor's benefits under MCL 500.3108. Indeed, plaintiff estate's amended complaint against Farmers explicitly alleged that "the minor children are entitled to . . . survivor's benefits." Therefore, Farmers' good-faith payment of survivor's benefits to plaintiff estate for the benefit of plaintiff children discharged its liability to pay survivor's benefits.

On appeal, plaintiff children argue that the trial court erred by failing to consider equity when determining that Farmers was entitled to a setoff for the social security benefits paid to plaintiff children. In addition to filing a late response to Farmers' motion for summary disposition, plaintiff children did not preserve this argument for appeal by raising it in the trial court. Therefore, we decline to address it. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) ("If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue.").

Plaintiff children lastly contend that the trial court erred by determining that they failed to present a genuine issue of material fact regarding their claim for additional survivor's benefits. "In all cases, claimants bear the burden of proving the amount they would have earned had they not been injured in the automobile accident." *Anton v State Farm Mut Auto Ins Co*, 238 Mich App 673, 684; 607 NW2d 123 (1999). Further, under the burden-shifting framework of MCR 2.116(C)(10),

> [T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists . . . . If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

It is well-settled that "parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

Farmers' motion for summary disposition argued that plaintiff children were not entitled to claim (1) the cash value of tax credits, (2) reimbursement for hair care as a tangible thing of economic value, and (3) survivor's benefits based on the loss of self-employment income. Plaintiff children conceded in their response that they were no longer pursuing their claim for tax credits. Plaintiff children also did not address whether hair care qualified as a tangible thing of economic value. Instead, plaintiff children maintained that there was a genuine issue of material fact that they were entitled to (1) $32,040 for loss of self-employment income and (2) additional wage-loss benefits because the decedent was going to be working full-time at a rate of $15 per hour.

In support of the claim that they were entitled to benefits for loss of self-employment income, plaintiff children attached a 2018 tax return to their response, which listed the decedent's "[n]et business income" as $10,680. Based on this evidence, plaintiff children multiplied the $10,680 figure by three, claiming that they were entitled to $32,040 for the self-employment earnings the decedent would have earned in the three years following her death. However, as Farmers points out, plaintiff children did not include the relevant tax documents for 2019, the year immediately prior to the decedent's death. Nor was there documentary evidence presented regarding the circumstances of the decedent's self-employment, such as what the decedent's self-employment consisted of.

To support their claim that they were entitled to additional wage-loss benefits for the decedent's anticipated full-time work and an increase in her hourly wage, plaintiff children attached a records affidavit and accompanying wage sheet showing a gradual increase in wages from $11.90 in August 2021, to $15 in August 2022. However, as Farmers points out, there is no documentary evidence to support that the decedent was increasing her work schedule from part-time to full-time.

Plaintiff children make several assertions on appeal about evidence they planned to produce at trial, such as testimony that the decedent "intended to keep working in her business," "testimony of the Keeper of Records for [the decedent's] former employer," and "testimony from various witnesses regarding [the decedent's] intent to start working full-time." However, "[a] litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Ultimately, plaintiff children failed to support their claims for additional survivor's loss benefits with documentary evidence to create a genuine issue of material fact. The trial court did not err by granting Farmers' motion for summary disposition.

## IV. CONCLUSION

We conclude that the trial court committed no reversible error and affirm the court's (1) November 4, 2021 order granting summary disposition to USA, (2) May 31, 2023 order granting partial summary disposition in favor of Farmers, (3) August 22, 2023 order denying plaintiff children's motion to reinstate the USA policy, and (4) January 12, 2024 order granting summary disposition in favor of Farmers.

Affirmed. Having prevailed on appeal, Farmers may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron